**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DAVID ANTONE JOHNSON, | ) | |
| Plaintiff, *pro se*, | ) | Civil Action No. 24-cv-01193-LKG |
| v. | ) | Dated: November 19, 2026 |
| PROGRESSIVE INSURANCE, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

## I. INTRODUCTION

In this civil action, the Plaintiff *pro se*, David Antone Johnson, brings race and color-based employment discrimination and retaliation claims against the Defendant, Progressive Insurance ("Progressive"), arising from the termination of his employment, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. *See generally* ECF No. 1. Progressive has moved to set aside the Clerk's entry of default in this case, pursuant to Fed. R. Civ. P. 55(c), and to dismiss the complaint, pursuant to Fed. R. Civ. P. 4(m) and 12(b)(6). ECF No. 28. The motion is fully briefed. ECF Nos. 28, 31, 32 and 33. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS** the Defendant's motion to set aside order of default and to dismiss (ECF No. 28); (2) **VACATES** the October 2, 2025, Clerk's Entry of Default against Progressive (ECF No. 17); and (3) **DISMISSES** the complaint.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In this civil action, the Plaintiff brings Title VII race and color-based employment discrimination and retaliation claims against Progressive, arising from the termination of his employment after he allegedly engaged in Title VII-protected activity. ECF No. 1. As relief, the Plaintiff seeks to recover monetary damages from Progressive. *Id.* at 6.

[1] The facts recited in this Memorandum Opinion are taken from the complaint; Progressive's motion to set aside default order and dismiss, the memorandum in support thereof and exhibits attached thereto; the Plaintiff's response in opposition to Progressive's motion; Progressive's reply brief; and the Plaintiff's sur-reply. ECF Nos. 1, 1-1, 28, 28-1, 28-3, 28-6, 31, 32, and 33.

The Parties

Plaintiff David Antone Johnson is a resident of Maryland and he self-identifies as Black. *Id.* at 1; ECF No. 1-1 at 4.

Defendant Progressive Insurance is a corporation with its principal place of business located in Ohio. ECF No.1 at 2.[2]

Case Background

As background, the Plaintiff was previously employed by Progressive as, among other things, a Senior Property Field Adjuster. ECF No. 1-1 at 4. On September 22, 2023, Progressive terminated the Plaintiff's employment. ECF No. 1 at 5.

The Plaintiff alleges that, prior to the termination of his employment with Progressive, he engaged in Title VII-protected activity by "reporting workplace harassment to HR and requesting accommodations." *Id.* In this regard, the Plaintiff alleges that he raised concerns with Progressive for months, regarding the "challenges [he] face[s] in [his] territory that hinder [his] ability to perform [his] job successfully." ECF No. 1-1 at 1. The Plaintiff also alleges that he requested a confidential meeting with Progressive's human resources department to discuss these concerns on August 18, 2023. *Id.*

In addition, the Plaintiff alleges that he had a meeting with management on September 6, 2023, regarding these matters. *Id.* at 2. But the Plaintiff alleges that his managers "engaged in an intimidating and threatening conversation," during this meeting and stated their intention to increase his workload. *Id.*

The Plaintiff also alleges that "he experienced adverse actions, including increased assignments, unfounded accusations, suspension and termination." ECF No. 1 at 5. In this regard, the Plaintiff alleges that he met with Progressive's human resources department on September 8, 2023, and that he was informed during this meeting that management wanted to investigate him for timecard fraud and violation of the company's code of conduct. ECF No. 1-1 at 2.

Lastly, the Plaintiff alleges that Progressive suspended him with pay while the company conducted the aforementioned investigation. *Id.* And so, the Plaintiff contends that Progressive discriminated and retaliated against him, upon the basis of race and color, when the company terminated his employment on September 22, 2023. ECF No. 1 at 4-5.

---

[2] Progressive states in its motion that the Plaintiff's employer was American Strategic Ins. Corp. ("ASI"), a subsidiary of ARX Holding Corp., which is a subsidiary of The Progressive Corporation. ECF No. 28-1 at 1.

On or about September 19, 2023, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See generally* ECF No. 1-1. On December 18, 2023, the EEOC issued a Determination of Charge and Notice of Right to Sue letter, stating that the EEOC will not proceed further with its investigation of the Plaintiff's complaint and that it makes no determination about whether further investigation would establish Title VII violations. ECF No. 28-6. The Notice of Right to Sue letter also states that "your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice." *Id.*

The Plaintiff alleges in the complaint that he received the Notice of Right to Sue letter on January 25, 2024. ECF No. 1 at 5; *see also* ECF No. 28-7 (EEOC log). But the Plaintiff does not dispute that the EEOC issued this letter on December 18, 2023. *See generally* ECF Nos. 1 and 31; ECF No. 28-6. The Plaintiff commenced this civil action on April 24, 2024. ECF No. 1.

**B. Relevant Procedural History**

On April 24, 2024, the Plaintiff filed the complaint. ECF No. 1. After the Court issued a summons to Progressive (ECF No. 6), the Plaintiff submitted a proof of service, on April 18, 2025, indicating that service was effectuated on August 19, 2024 (ECF No. 13).

Progressive did not answer, or otherwise respond to the complaint. And so, on June 13, 2025, the Plaintiff filed a motion for Clerk's entry of default (ECF No. 15), which the Clerk of the Court granted on October 2, 2025 (ECF No. 17).

On April 23, 2026, Progressive filed a motion to set aside the Clerk's entry of default, pursuant to Fed. R. Civ. P. 55(c), and a motion to dismiss, pursuant to Fed. R. Civ. P. 4(m) and 12(b)(6), and a memorandum in support thereof. ECF Nos. 28 and 28-1.

On May 7, 2026, the Plaintiff filed a response in opposition to Progressive's motion. ECF No. 31.

On May 20, 2026, Progressive filed a reply brief. ECF No. 32. On May 21, 2026, the Plaintiff filed a sur-reply brief by leave of the Court. ECF No. 33.

Progressive's motion having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

**A. Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550

U.S. at 556). When evaluating the sufficiency of the plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd.*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).[3]

**B. *Pro Se* Litigants**

The Plaintiff is proceeding in this matter without the assistance of counsel. And so, the Court must construe the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations and citations omitted). And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

**C. Fed. R. Civ. P. 55(c)**

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). When considering whether to vacate an entry of default, the Court weighs six factors: (1) whether the movant has a meritorious defense; (2) whether the movant acted with reasonable promptness; (3) whether the movant bears personal responsibility for the entry of default; (4) any prejudice to the non-

[3] When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court may consider documents outside of the complaint, which are referenced in, or integral to, the allegations in the complaint, so long as there is no dispute about the document's authenticity, without converting the motion into a summary judgment motion. *See Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Kelly v. Berryhill*, Civil Action No. 18-0049, 2019 U.S. Dist. LEXIS 47556, at *7-8 (D. Md. Mar. 20, 2019).

moving party; (5) any history of dilatory action; and (6) the availability of lesser sanctions short of default judgment. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). In this regard, the Fourth Circuit has held that "[a]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). And so, the Fourth Circuit has "liberally construed" the good cause standard, and "expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (internal citation omitted); *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

**D. Title VII**

Title VII prohibits employment discrimination based on race, color, religion, sex and national origin. *See* 42 U.S.C. § 2000e. Title VII requires that a plaintiff file a charge of discrimination with the EEOC before filing suit in this Court. 42 U.S.C. § 2000e-5(f)(1) (permitting civil suit by the "person claiming to be aggrieved" after filing of a charge with the EEOC and upon receipt of a right-to-sue letter); *see also, e.g.*, *Puryear v. Cnty. of Roanoke*, 214 F.3d 514, 518 (4th Cir. 2000) ("[T]he aggrieved person may initiate a civil action based on the Title VII claims made in her EEOC charge only after receipt of a right-to-sue letter."); *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005). This "exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." *Miles*, 429 F.3d at 491.

Relevant to the pending motion to dismiss, the EEOC must give notice to the complainant of the right to file suit in United States District Court after the administrative process has been completed. *See* 42 U.S.C. § 2000e–5(f)(1). The plaintiff's receipt of a so-called "right-to-sue letter" begins a 90-day period during which a plaintiff must file suit in federal court. *See* 42 U.S.C. § 2000e–5(f)(1) (stating that a complainant has 90 days to file suit in federal or state court after being notified of the right to sue). In the absence of evidence of the date of receipt, a right-to-sue letter is presumed to have been received by the plaintiff three days after it was issued and mailed. *See* Fed. R. Civ. P. 6(d); *see also Weathersbee v. Balt. City Fire Dept.*, 970 F. Supp. 2d. 418, 427-28 (D. Md. 2013); *Shields v. Verizon Maryland, LLC*, No. 23-02932, 2024 WL 1050996, at *10 (D. Md. Mar. 11, 2024), *appeal dismissed*, No. 24-1317, 2024 WL 4531487 (4th Cir. May 17, 2024) (same). When the complaint's timeliness is contested by the defendant, the plaintiff bears the burden of

establishing that the complaint was timely filed. *See Cepada v. Bd. of Educ. of Balt. Cty.*, No. 10-0537, 2010 WL 3824221, at *3 (D. Md. Sep. 27, 2010) (citations omitted). And so, the Court treats this 90-day time limitation "like a statute of limitations." *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

## IV. ANALYSIS

Progressive has moved to set aside the Clerk's entry of default, pursuant to Fed. R. Civ. P. 55(c), and to dismiss this matter, pursuant to Fed. R. Civ. P. 4(m) and 12(b)(6), upon the following grounds: (1) Progressive was not properly or timely served with a copy of the summons and complaint under Fed. R. Civ. P. 4; (2) good cause exists to vacate the Clerk's entry of default; (3) Progressive acted with diligence and has meritorious defenses to the Plaintiff's claims; and (4) the Plaintiff's Title VII claims are time-barred. ECF No. 28-1 at 6-12. And so, Progressive requests that the Court set aside the October 2, 2025, Clerk's entry of default and dismiss the complaint. *Id.* at 12.

In his response in opposition to Progressive's motion, the Plaintiff concedes that he did not properly serve Progressive on August 19, 2024, and he does not substantively respond to Progressive's motion to dismiss. *See generally* ECF No. 31. But the Plaintiff counters that the Court should not dismiss the complaint, because: (1) he made a good-faith effort to effect service on Progressive; (2) Progressive had notice of this case; and (3) Progressive failed to raise any issue regarding service until October 17, 2025. *Id.* at 3-6. And so, the Plaintiff requests that the Court deny Progressive's motion. *Id.* at 7.

For the reasons that follow, Progressive has shown good cause to vacate the Clerk's entry of default. A careful reading of the complaint and the EEOC's right-to-sue letter also makes clear that the Plaintiff's Title VII claims are untimely, because the Plaintiff commenced this employment discrimination matter more than 90 days after receiving a right-to-sue letter. And so, the Court: (1) GRANTS the Defendant's motion to set aside order of default and to dismiss (ECF No. 28); (2) VACATES the October 2, 2025, Clerk's Entry of Default against Progressive (ECF No. 17); and (3) DISMISSES the complaint.

### A. The Court Vacates The Clerk's Entry Of Default

As an initial matter, Progressive has shown good cause to vacate the Clerk's entry of default dated October 2, 2025. ECF No. 17. Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, that the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). When considering whether to vacate an entry of default, the Court weighs the following six factors: (1) whether the movant has a meritorious defense; (2) whether the movant acted with reasonable promptness; (3) whether the movant bears personal

responsibility for the entry of default; (4) any prejudice to the non-moving party; (5) any history of dilatory action; and (6) the availability of lesser sanctions short of default judgment. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). These factors support setting aside the Clerk's entry of default in this case for several reasons.

First, Progressive has shown that it has meritorious defenses to the Plaintiff's Title VII claims in this case. Notably, Progressive alleges that these claims are time-barred, because the claims have been brought more than 90 days after the Plaintiff received a right-to-sue letter. ECF No. 28-1 at 10-11; *see United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("All that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party.").

Second, Progressive has also shown that it acted with reasonable promptness in moving to set aside the Clerk's entry of default after learning of the complaint. In this regard, Progressive represents to the Court that it became aware of the complaint on March 27, 2026, and that its counsel entered an appearance in this matter on March 30, 2026. ECF No. 28-1 at 4; ECF No. 28-3 (O'Leary Affidavit) at ¶¶ 4-9. Shortly thereafter, Progressive filed the pending motion to set aside order of default and to dismiss the complaint on April 23, 2026. ECF No. 28. And so, the Court is satisfied that Progressive acted with reasonable promptness upon learning of this case.

Third, Progressive does not bear personal responsibility for the Clerk's entry of default, because, as discussed above, Progressive did not become aware of the complaint until March 27, 2026, several months after the Clerk's entry of default. ECF No. 28-1 at 4; ECF No. 28-3 (O'Leary Affidavit) at ¶¶ 4-9; ECF No. 17. Fourth, the Plaintiff will not be prejudiced from setting aside the Clerk's entry of default, because he can have his claims resolved on the merits in this case.

Fifth, Progressive has not engaged in willful or dilatory conduct, because, as discussed above, it entered the case shortly after learning of the case on March 27, 2026. And lastly, lesser sanctions are not appropriate in this case, because Progressive would be put at a disadvantage if the Clerk's entry of default is not set aside, given that Progressive was unaware of the case at the time that the Clerk entered default.

Given this, the above factors weigh in favor of vacating the Clerk's entry of default. And so, the Court VACATES the October 2, 2025, Clerk's Entry of Default (ECF No. 17). Fed. R. Civ. P. 55(c).

**B. The Plaintiff's Claims Are Time-barred**

Progressive also argues with persuasion that the Court should dismiss this matter, because the Plaintiff's Title VII claims are time-barred. ECF No. 28-1 at 10-12. To be timely, the Plaintiff must have filed his Title VII claims no later than 90 days after he received a "right-to-sue letter." *See* 42 U.S.C. § 2000e–5(f)(1) (stating that a complainant has 90 days to file suit in federal or state court after being notified of the right to sue); *see also Weathersbee v. Balt. City Fire Dept.*, 970 F. Supp. 2d. 418, 426-27 (D. Md. 2013). In the absence of evidence of the date of receipt, a right-to-sue letter is presumed to have been received by the Plaintiff three days after it was issued and mailed. *See* Fed. R. Civ. P. 6(d); *see also Weathersbee*, 970 F. Supp. 2d. at 427-28; *Shields v. Verizon Maryland, LLC*, No. 23-02932, 2024 WL 1050996, at *10 (D. Md. Mar. 11, 2024), *appeal dismissed*, No. 24-1317, 2024 WL 4531487 (4th Cir. May 17, 2024) (same).

In this case, the EEOC's right-to-sue letter shows that the EEOC issued this letter on December 18, 2023. ECF No. 28-6. Given this, the Plaintiff is presumed to have received this letter by December 21, 2023.[4] *Weathersbee*, 970 F. Supp. 2d. at 427. And so, the Plaintiff must have commenced this employment discrimination action no later than March 18, 2024. ECF No. 28-6.

It is undisputed that the Plaintiff commenced this employment discrimination on April 24, 2024. ECF No. 1; ECF No. 28-1 at 11. Given this, the Plaintiff's Title VII claims are time-barred under Title VII. *Weathersbee*, 970 F. Supp. 2d. at 428. And so, the Court must DISMISS these claims. *Id.*; Fed. R. Civ. P. 12(b)(6).

## V. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Defendant's motion to set aside order of default and to dismiss (ECF No. 28);

(2) **VACATES** the October 2, 2025, Clerk's Entry of Default against Progressive (ECF No. 17); and

[4] The Plaintiff alleges without support that he received the right-to-sue letter on January 25, 2024. ECF No. 1 at 5. But the Plaintiff does not dispute the authenticity of the right-to-sue letter provided to the Court, which makes clear that the EEOC issued this letter on December 18, 2023. ECF No. 28-6; *see generally* ECF No. 31.

(3) **DISMISSES** the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge